Mr. Justice James
delivered the opinion of the court:
This was a suit upon a promissory note to recover from the defendants a balance due upon it of $1,441. About a month after the suit was instituted, David Pulman, one of the defendants, filed a bill on the equitj’' side of this court for an account, &c., and also to enjoin the proceeding at law upon the ground that he had a complete defense in equity against any recovery upon the note. Shortly afterwards, and before the hearing of the equity suit, the defendants, in order that the suit at law might not go by default, filed a number of pleas to the action one of which was “payment.” Before the trial of the ease at law the equity suit for an injunction had proceeded toa final decree and the bill been dismissed. To meet the plea of “payment” the plaintiff offered in evidence the record and decree dismissing the bill and prayed the court to instruct the jury that this decree closed all defense as to any alleged payment on account of the note sued on. Which prayer the court refused to grant; and one of the questions *295 raised before us is whether this prayer should have been granted or not. We think that it should have been, and for -these reasons it was disclosed on the trial that several persons had purchased from Stevens a tract of land lying back of the city of Alexandria, to be used as a brick yard, that some -of these persons sold out to others, who, by special contract, were to take their places, and to make the same payments which they were bound to make. Mr. Pullman, the present ■defendant, by a written contract, took the place of one of •these parties as to one-third of this purchase, agreeing to •pay whatever that person, as his grantor, had agreed to pay. At the time of that purchase he made payment of $1,734.
Now', if this is to be regarded ‘ as a payment upon the present note, he has not only paid the balance due upon it, but has largely overpaid it. It seems to have been deemed .■uncertain at the trial whether this payment of $1,734 was not made in a prior note, for there were two promissory notes given. That question was before the court in the equity •cause, and was necessarily adjudicated when the court dismissed the bill. This whole transaction was set out in that cause ; it was there disclosed that Pullman -was the successor of one of these parties, and that he was entitled to certain payments under his contract. He had, in a certain condition of the affairs of the partnership, a right to a salary of $1,000 ¡a year, and, by the terms of the same contract, he was entitled to have his share of the profits, which w'ere in the hands of this plaintiff’, credited on that note. In his bill, he did not rely on the payment of the $1,734 as payment on this note at all, but set up as a defense to the present note, his character as an interested party, claiming to have his share of the profits which were retained, as has been stated, credited on the note. The decree of dismissal necessarily adjudicated all of these matters. A court of equity was asked to enjoin the collection of this note on the ground that certain credits should be allowed; the court had to look into the condition of the claim, and to ascertain how this $1,734 was to be applied. That is to say, what it was a payment of. Saving taken jurisdiction of the cause, they could not de *296 termine whether certain credits would satisfy the note, without ascertaining the exact condition of the account. And, if this $1,734 was to be a credit on this note, the court,, having taken jurisdiction in the cause for reasons of equitable defense, would be obliged to apply this sum as a payment, and instead of dismissing the bill, enjoin the suit. The fact that they did not enjoin the suit adjudicates the question that the $1,734 was not a payment on this note. Looking-at the papers, we have satisfied ourselves entirely as to the-true character of that payment. It is there fully explained that Pullman bought a one-third interest, and undertook to-reimburse his vendor for what he had already paid, and to* take his place. lie had to make two payments, one to the-vendor, of what he had laid out, and the other to make up-what he was yet owing, for it appears that his vendor still owed on a prior note $1,734, and that sum he paid on the part of his vendor (and the rest on his own behalf) paying it to the plaintiffs on account of the accruing debt of his-vendor. It was thus not a payment to the plaintiff on his-own account, but on the account of his vendor, and is not entitled to be treated as a credit on the present note. The-court declined to instruct the jury that the decree of dismissal adjudicated this question. 'We think, however, that the record introduced between the same parties showed the-fact that the court had adjudicated this question, that this, present note had not been paid.
Judgment reversed, and ease remanded for new trial.